IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COLLEEN MARSHA MOORE            )
                               )
v.                             )        No. 3:21-0035
                               )
KILOLO KIJAKAZI[1]             )
Commissioner of Social Security )


To:    **The Honorable Eli J. Richardson, District Judge**


## REPORT AND RECOMMENDATION

Currently pending is a motion filed by the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") to reverse and remand the Commissioner's decision denying Plaintiff's application for social security benefits. (Docket No. 23.) Plaintiff has filed a response in opposition to this motion. (Docket No. 25.) This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b), for initial consideration and a report and recommendation. (Docket No. 5.) For the reasons that follow, the undersigned Magistrate Judge respectfully recommends that Defendant's motion (Docket No. 23) be **GRANTED**.

Defendant moves for remand based on a purported need for further evaluation of Plaintiff's mental impairments and the medical opinions of record. Defendant argues that remand for further evaluation, and not for payment of benefits, is appropriate given the need for further development of the administrative record. *See Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644-45 (6th Cir. 2013) ("A judicial award of benefits is proper only where the proof of disability is

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for former Commissioner Andrew Saul as the defendant in this lawsuit.

overwhelming or where the proof of disability is strong and the evidence to the contrary is lacking.") (quoting *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994)).

Plaintiff does not oppose reversal of the Commissioner's decision, but rather asks for an opportunity to proceed with briefing in the hopes that the Court will reverse the Commissioner's decision with instruction for an immediate award of benefits, which would bypass the need for further evaluation of her claim. Plaintiff asserts that such briefing will enable her to demonstrate that she is in fact entitled to benefits, and that remand for further review by the Commissioner will only delay her access to such benefits.

While Plaintiff's desire to resolve her claim as expeditiously as possible is certainly understandable, the Court believes that remand to the Commissioner at this juncture is the more prudent course of action. First, even if Plaintiff proceeds with a motion for judgment on the administrative record in which she argues that an award of benefits is appropriate, there is no guarantee that the Court will grant such relief. Reviewing courts are generally less inclined to reverse a Commissioner's decision and award benefits given that such action is appropriate "only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176. Plaintiff's confidence notwithstanding, there remains no less than a reasonable chance that the Court will still conclude that remand for additional consideration by the Commissioner is warranted. *See Boyce v. Comm'r of Soc. Sec.*, No. 3:18-CV-01622, 2019 WL 1429148, at *2 (N.D. Ohio Feb. 21, 2019), *report and recommendation adopted,* 2019 WL 1428300 (N.D. Ohio Mar. 29, 2019) ("[A] district court rarely awards benefits.").

Second, even assuming Plaintiff is ultimately successful in persuading the Court that an award of benefits is proper, it does not necessarily follow that Plaintiff will more promptly receive

benefits. Plaintiff complains that if her claim is remanded for further proceedings and the Commissioner eventually issues a favorable decision, such action will take several months. Yet a similar timeline is possible, even likely, if she proceeds with a motion for judgment on the administrative record based on the briefing period set forth in the operating scheduling order—which allows at least two to three months for the parties to complete briefing (Docket No. 22)[2]—as well as the Court's ability to evaluate Plaintiff's arguments and make appropriate recommendations and rulings in light of the volume of Social Security appeals currently pending in this district. Indeed, Plaintiff is just one of the many applicants who have filed Social Security appeals, and the Court is not inclined to fast-track Plaintiff's claim at the expense of other petitioners. As such, the swifter route to benefits may very well involve immediate remand to the Commissioner for additional consideration.[3]

The Court will therefore recommend that Defendant's motion be granted and that this matter be remanded for further evaluation of Plaintiff's claim. Plaintiff is of course free to file an objection to this recommendation, which, if sustained, will result in a resetting of the briefing period and consideration of Plaintiff's argument for an award of benefits by the Court at a future date.

---

[2] The order, entered July 20, 2021, directs Plaintiff to file a motion for judgment on the administrative record and accompanying brief within 28 days. (Docket No. 22 at 1.) However, because Defendant moved for remand the following day, Plaintiff filed a brief in opposition to this motion in lieu of a normal motion for judgment on the administrative record. If the Court were to grant Plaintiff's request to continue in federal court, she would be given an additional 28 days to file a motion and supporting brief, Defendant would be given 28 days from service of that motion to respond, and Plaintiff would be given an additional 14 days to file a reply brief.

[3] Plaintiff cites *Faucher* to argue that the length of time an application has been pending "is another factor that reviewing courts have considered when determining whether to remand for further proceedings or for an award of benefits." (Docket No. 25 at 3.) While the Court acknowledges that Plaintiff's application has been pending for multiple years, the *Faucher* opinion contains no language indicating that the duration of an appeal should influence the Court's decision.

## RECOMMENDATION

For the above stated reasons, it is respectfully RECOMMENDED that Defendant's motion to remand (Docket No. 23) be GRANTED, the decision of the Commissioner be REVERSED, and this matter REMANDED for further proceedings to take place as soon as is practicable.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *Id.*; M.D. Tenn. R. 72.01(b). Failure to file specific written objections within the specified time can be deemed to represent a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (*en banc*).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

4