IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| COLLEEN MARSHA MOORE | ) | |
| | ) | |
| v. | ) | No. 3:21-cv-0035 |
| | ) | |
| KILOLO KIJAKAZI | ) | |
| Commissioner of Social Security | ) | |

To: The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

Currently pending is Plaintiff's motion for award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in which Plaintiff requests an award of $1,799.55. (Docket No. 28). Defendant has filed a response confirming that it has no objection to the amount sought by Plaintiff. (Docket No. 30.) Although the motion is not contested, it has been referred to the undersigned Magistrate Judge for issuance of a report and recommendation. (Docket Entry No. 31.)[1] Because the motion is uncontested, and because a review of counsel for Plaintiff's itemization of time demonstrates that the amount sought by Plaintiff is not unreasonable,[2] the motion (Docket No. 28) is well-taken and the undersigned respectfully recommends that it be GRANTED.

---

[1] Report and recommendation is required because this is a post-judgment matter. *See* 28 U.S.C. § 636(b)(1)(A) (permits referral of only pretrial matters for resolution by magistrate judge).
[2] The amount sought represents 8.6 hours of work at an hourly rate of $209.25. (Docket No. 28 at 2-3.) Counsel for Plaintiff includes an itemized report of the time spent in connection with this case (Docket No. 28-1), and notes that the requested hourly rate is consistent with the cost-of-living increase documented in the Consumer Price Index. (Docket No. 28 at 2.)

## LEGAL STANDARDS AND ANALYSIS

An award of fees may be made under the Equal Access to Justice Act (the "EAJA") in a social security disability action such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir.1989). The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To recover attorney fees under the EAJA, Plaintiff must therefore demonstrate : (1) that she is a "prevailing party"; (2) that the government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), the fee application was presented to the court within 30 days of final judgment in the action and is supported by an itemized statement. *Jones v. Commissioner,* 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

As to the first and second factors, there is no dispute here that Plaintiff is the prevailing party or that the government's position was not substantially justified. Defendant voluntarily moved for remand of the case for further proceedings (Docket No. 23) and filed a response supporting the requested fee award. (Docket No. 30.) Those factors are therefore satisfied.

Nor is timeliness an issue. The fee request was made within 30 days of the final judgment. "Final judgment" is defined in the statute as a "judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Rule 4 of the Federal Rules of Appellate Procedure provides that, when one of the parties is the United States or a United States agency, appeal must be taken from a final judgment within 60 days. Fed. R. App. P. 4(1)(1)(B). Here the final judgment was entered

on October 1, 2021 and was final and no longer appealable 60 days later or November 30, 2021. The motion was filed on December 30, 2021, which is 30 days after the judgment became final. The fourth factor is therefore satisfied.

The Court turns to the reasonableness of the requested fee. The EAJA permits an award of reasonable attorney fees and expenses. 28 U.S.C. § 2412(d)(2)(A). Plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable. *See Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A court may, and should, reduce fees for unreasonable time, including, if, among other things, the time spent is excessive, redundant, or inadequately documented, *id.* at 433–34; attorney time is spent on secretarial or clerical tasks, *see Missouri v. Jenkins,* 429 U.S. 274, 288 n. 10 (1989), or the time is associated with training attorneys when not incurred because of any actions or positions of the government in the litigation, *see Richards v. Secretary of Health and Human Services,* 884 F.Supp. 256, 260 (N.D. Ohio 1995). The Court has carefully reviewed the details of the requested fees and concludes that the number of hours, 8.6, is reasonable, particularly considering the outcome of the matter. Accordingly, the Court turns to the amount of the requested fee.

The EAJA originally provided that attorney fees were limited to a rate of $75.00 an hour "unless the court determine[d] that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifie[d] a higher fee". 28 U.S.C. § 2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. The Contract with America Advancement Act of 1996, Pub.L. 104–121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Secretary of Health and Human Services,* 966 F.2d 196, 199 (6th Cir.1992).

In addition, while recognizing that although cost-of-living adjustments in EAJA fees are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. § 2412(d)(2)(A).

The Consumer Price Index (CPI) is the best indicator for computing the increase in the cost of living. The CPI All Items Index average was 155.7 in March 1996, when the statutory cap of $125.00 was set. As noted above, in January of 2021, when the complaint was filed in this case, the CPI was 261.6. U.S. Department of Labor, Consumer Price Index, All Urban Consumers, http://data.bls.gov/cgi-bin/surveymost. The common ratio of change, then, is 1.68 (261.6 divided by 155.7 rounded to the nearest hundredth). Applying this cost-of-living increase to the $125 per hour statutory cap results in a current hourly rate of $210. Plaintiff requests fees at rate of $209.25 per hour, which the government does not contest, and which the Court finds is within the allowable EAJA hourly rate. The Court concludes that under the facts of this case, an EAJA fee of $1,799.55, based on multiplying the time spent of 8.6 hours by an hourly rate of $209.25, is appropriate. The Court finds no special circumstances that would make this award unjust, and the third (and final) factor is therefore satisfied.

The Supreme Court has held that an EAJA fee is payable to the plaintiff as litigant, and that payment may be subject to an offset to satisfy any pre-existing debt that the plaintiff owes the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 594-98 (2010). Assuming that this Report and Recommendation is accepted, Defendant is ordered to pay the amount of $1,799.55, less any offset amounts owed to the United States, by remitting payment to the business address of Plaintiff's

4

Case 3:21-cv-00035   Document 32   Filed 06/06/22   Page 4 of 5 PageID #: 1336

counsel.[3] If Defendant determines that Plaintiff owes a pre-existing debt to the United States, Defendant will reduce the awarded attorney fees to the extent necessary to satisfy such debt.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Defendant be ordered to pay the amount of $1,799.55, less any offset amounts owed to the United States, by remitting payment to the business address of Plaintiff's counsel.[4]

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. Fed. R. Civ. P. 72(b) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[3] Defendant states in its response that "[i]f there is no debt owed by Plaintiff, the fee will be made payable to Plaintiff's attorney based on the assignment." (Docket No. 30 at 1 n.1.) The Court expresses no opinion on this concession and simply notes that Defendant may proceed in accordance with its payment policies.

[4] If Defendant determines that Plaintiff owes a pre-existing debt to the United States, Defendant will reduce the awarded attorney fees to the extent necessary to satisfy such debt.